IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ROBERT N. GOLDSTEIN | § | |
| | § | |
| Plaintiff | § | |
| | § | Civil Action No. _____ |
| v. | § | |
| | § | |
| | § | Complaint |
| EQUIFAX INFORMATION | § | |
| SERVICES, LLC | § | And |
| | § | |
| Defendant | § | Demand for Jury Trial |

## COMPLAINT

COMES NOW the Plaintiff, ROBERT N. GOLDSTEIN, (hereinafter the "Plaintiff"), by Counsel, Dennis McCarty, and for his complaint against the Defendant, EQUIFAX INFORMATION SERVICES, LLC (hereinafter Equifax), alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act)

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

1

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred, as well as a substantial part of the property that is subject to this action is located, in this Judicial District.

## PARTIES

4. Plaintiff is a natural person and is a resident and citizen of Dallas County, the State of Texas, United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant EQUIFAX INFORMATION SERVICES, LLC (hereafter Equifax) is a foreign For-Profit Corporation registered to do business in Texas, and it may be served through its registered agent, Corporation Services Company at 211 East 7th Street, Suite 620, Austin, Texas 78701.  Defendant is a "consumer reporting agency", as defined 15 U.S.C §1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

7. Equifax did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after it has known or should have known the information was incorrect.

8. Equifax did not provide a good faith investigation into the disputed tax lien. Plaintiff disputed the IRS Federal Tax Lien ******8013 reporting by and through his

attorney with a <u>detailed</u> dispute letter dated August 18, 2015 to Equifax. With this letter, Plaintiff disputed a total of three Federal Tax Liens being reported by Equifax. Plaintiff included documentation from the IRS of the withdrawal of the Tax Lien ******8013 in question.

9. Plaintiff had a Federal Tax Lien ******8013 placed against his property and the record of that lien was being reported on his credit report, however, on or about January 22, 2015, the IRS "withdrew" the Federal Tax Lien.

10. Plaintiff, by and through Counsel, disputed that item with a <u>detailed</u> dispute letter dated August 18, 2015, as being reported inaccurately because the Lien was withdrawn.

11. Equifax responded to Plaintiff September 5, 2015. Equifax removed two of the three disputed tax liens. The tax lien reported with the number ******8013 was not addressed in the response dated September 5, 2015. Equifax failed to address and, therefore presumably, to investigate the disputed Federal Tax Lien ******8013 at all.

12. Plaintiff checked his Equifax Personal Solutions credit report on September 15, 2015 and found Federal Tax Lien ******8013 still being reported.

13. This account is not only inaccurate but is also misleading, which the Fifth Circuit has addressed.  The Fifth Circuit has ruled that a credit report is inaccurate on its face if so misleading that it leads to adverse credit decisions, *please see Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895-96 (5th Cir. 1988) (a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely effect credit decisions").

14. Equifax has a statutory duty to use reasonable procedures to assure maximum

3

accuracy. Their procedures regarding this reporting are not assuring <u>any</u> accuracy, much less maximum accuracy.

15. The reporting of this credit information on Plaintiff's credit report negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. This information is misrepresented on Plaintiff's credit report to his detriment and is currently being reported on Plaintiff's credit report resulting in lowering Plaintiff's credit scores and furthering Plaintiff's damages.

16. Plaintiff's credit reports, credit information and file formulated by Equifax have been reviewed by known and unknown, prospective and existing credit grantors and extenders of credit. The inaccurate tax lien information is being reported by Equifax and is continuing to damage the Plaintiff's credit rating and a substantial factor in Plaintiff from taking advantage of receiving the most favorable terms in financing and interest rates for credit offers.

17. As a result of Equifax's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite future, all to Plaintiff's great detriment and loss.

18. As a result of Defendant Equifax's conduct, Plaintiff has suffered actual damages and will continue to suffer in the future, all to Plaintiff's great detriment and loss.

19. At all times pertinent hereto, Defendant Equifax acted by and through its agents, servants, and/or employees who were acting within the course and scope of

their agency or employment, and under the direct supervision and control of the Defendant.

20. At all times pertinent hereto, the conduct of the Defendant Equifax, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

21. Plaintiff incorporates by reference the foregoing paragraphs and footnotes as though the same were set forth at length herein.

22. Plaintiff's suit is based upon the Defendant's violation of the Fair Credit Reporting Act (FCRA).

23. Plaintiff suffered damages resulting from the Defendant's violations of FCRA.

## COUNT I—VIOLATION OF THE FAIR REPORTING ACT

24. Plaintiff incorporates by reference the foregoing paragraphs and footnotes as though the same were set forth at length herein.

25. This lawsuit is brought against Defendant because the damages on which it is based were caused by their violation of the FCRA. In all instances of violating the FCRA, Defendant did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys fees. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys fees:

15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

(a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

And, 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

(a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

26. Equifax violated its duty under 15 U.S.C. §1681i(a)(1)(a) to conduct a good faith investigation into Plaintiff's notice of dispute. Plaintiff requested Equifax to reinvestigate this issue via a <u>detailed</u> dispute letter dated August 18, 2015.

27. Plaintiff had a Federal Tax Lien ******8013 placed against his property and the record of that lien was being reported on his credit report, however, on or about January 22, 2015, the IRS "withdrew" the Federal Tax filing.

28. Plaintiff, by and through Counsel, disputed that account with a <u>detailed</u> dispute letter dated August 18, 2015 as being reported inaccurately because the Lien was withdrawn. It no longer existed.

29. Equifax responded to Plaintiff September 5, 2015. Equifax removed two of the three disputed tax liens. The tax lien reported with the number ******8013 was not addressed in the response dated September 5, 2015. Equifax failed to address and, therefore presumably, to investigate the disputed Federal Tax Lien ******8013 at all.

30. Plaintiff checked his Equifax Personal Solutions credit report on September 15, 2015 and found Federal Tax Lien ******8013 still being reported.

31. Equifax did not conduct a good faith and reasonable investigation into Plaintiff's dispute.

The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(1)(a) reads:

> (a)   Reinvestigations in case disputed information
>
> (1) Reinvestigation required
>
>    (A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And:

15 U.S.C. §1681i(a)(5) reads:

> (5)   Treatment of Inaccurate or Unverifiable Information
>
>    (A)   *In general.* If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

  (i)  promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

  (ii)  promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

32. Equifax is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy.

33. Plaintiff, by and through Counsel, disputed the tax lien account with a <u>detailed</u> dispute letter dated August 18, 2015, as being reported inaccurately because the Lien was withdrawn. It no longer existed.

34. Equifax responded to Plaintiff September 5, 2015. Equifax removed two of the three disputed tax liens. The tax lien reported with the number ******8013 was not addressed in the response dated September 5, 2015. Equifax failed to address and, therefore presumably, to investigate the disputed Federal Tax Lien ******8013 at all.

35. Plaintiff checked his Equifax Personal Solutions credit report on September 15, 2015 and found Federal Tax Lien ******8013 still being reported.

36. If Equifax had reasonable procedures, it would not report a Federal Tax Lien on Plaintiff's credit report after it was given hard evidence that the Lien was officially "withdrawn".

Under 15 U.S.C. §1681e(b) it reads:

  (b) *Accuracy of the Report*. Whenever a consumer reporting agency prepares a consumer report it <u>shall</u> follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates

37. Equifax violated 15 U.S.C. §1681i(a)(4), by not reviewing and considering all of the relevant information that Plaintiff sent in with his <u>detailed</u> dispute.  Plaintiff sent documents to Equifax, attached with his <u>detailed</u> dispute, for review and consideration to prove that the Tax Lien was "withdrawn". Equifax ignored Plaintiff's attachments to his dispute letter and continued reporting, even in light of overwhelming evidence that the account was being reported inaccurately.

The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(4) reads:

(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

38. The conduct of Equifax is a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as such other relief, permitted by law.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant Equifax based on the following requested relief:

a. Actual damages pursuant to 15 U.S.C. §1681;

b. Statutory damages pursuant to 15 U.S.C. §1681;

c. Punitive damages pursuant to 15 U.S.C. §1681;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e. Such other and further relief as may be necessary, just and proper.

Dated: September 22, 2015

                                              Respectfully submitted,

                                              /s/Dennis McCarty
                                              Dennis McCarty
                                              ATTORNEY FOR PLAINTIFF
                                              Mississippi Bar No. 102733
                                              P.O. Box 111070
                                              Carrollton, TX 75011
                                              Telephone: 817-704-3375
                                              Fax (817) 887-5069
                                              dmccartylaw@att.net
                                              Federal Bar No. 993800