UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ROBERT N. GOLDSTEIN, ) | |
| ) | |
| Plaintiff, ) | CIVIL CASE NO: 3:15-cv-03153-C |
| ) | |
| v. ) | |
| ) | |
| EQUIFAX INFORMATION SERVICES ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax admits that Plaintiff purports to bring this action for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, ("FCRA"). Equifax denies that it violated the FCRA or any other law in its handling of Plaintiff's credit file.

2. Equifax admits that this Court has jurisdiction over this case.

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies those allegations.

4. Equifax admits that Plaintiff is a natural person and a consumer as defined by the

FCRA.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and, therefore, denies those allegations.

5.      Equifax admits that it is a Georgia limited liability company authorized to do business in Texas.  Equifax admits that it is a consumer reporting agency as defined by the FCRA.  Equifax denies the remaining allegations in Paragraph 5.

6.      Equifax restates and incorporates its answers and defenses to Paragraphs 1-5 as if fully set forth herein.

7.      Equifax denies the allegations in Paragraph 7.

8.      Equifax admits that it received a dispute from Plaintiff on August 30, 2014 regarding multiple Federal Tax Liens in Dallas Co., Texas.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and, therefore, denies those allegations.

9.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies those allegations.

10.     Equifax admits that it received a dispute from Plaintiff on August 30 regarding multiple Federal Tax Liens in Dallas Co., Texas.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and, therefore, denies those allegations.

11.     Equifax admits that it responded to Plaintiff's dispute on September 5, 2015 to notify Plaintiff that it removed two of the disputed liens from Plaintiff's Equifax credit report.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and, therefore, denies those allegations.

12.     Equifax is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 12 and, therefore, denies those allegations.

13. Equifax states that the holding in *Sepulvado v. CSC Credit Services, Inc.*, 158 F. 3d. 890 (5th Cir. 1988) speaks for itself and to the extent Plaintiff misquotes, misstates, mischaracterizes, and/or misrepresents the holding in *Sepulvado*, the allegations are denied. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and, therefore, denies those allegations.

14. Equifax states that the provisions of the FCRA purportedly quoted by Plaintiff in Paragraph 14 speak for themselves and to the extent Plaintiff misstates, mischaracterizes, and/or misrepresents those provisions, the allegations are denied. Equifax denies that its procedures are not sufficient to assure any accuracy in the credit reports it sends to third parties.

15. Equifax denies the allegations in Paragraph 15.

16. Equifax denies the allegations in Paragraph 16.

17. Equifax denies the allegations in Paragraph 17.

18. Equifax denies the allegations in Paragraph 18.

19. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies those allegations.

20. Equifax denies the allegations in Paragraph 20.

21. Equifax restates and incorporates its answers and defenses to Paragraphs 1-20 as if fully set forth herein.

22. Equifax admits that Plaintiff purports to bring this case pursuant to the FCRA. Equifax denies that it has violated the FCRA or any other law in its handling of Plaintiff's Equifax credit file.

23. Equifax denies the allegations in Paragraph 23.

24. Equifax restates and incorporates its answers and defenses to Paragraphs 1-24 as if fully set forth herein.

25. Equifax denies the allegations in Paragraph 25.

26. Equifax admits that it received a dispute from Plaintiff on August 30, 2014 regarding multiple Federal Tax Liens in Dallas Co., Texas. Equifax denies the remaining allegations in Paragraph 26.

27. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies those allegations.

28. Equifax admits that it received a dispute from Plaintiff on August 30, 2014 regarding multiple Federal Tax Liens in Dallas Co., Texas. Equifax is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 28 and, therefore, denies those allegations.

29. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies those allegations.

30. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies those allegations.

31. Equifax denies the allegations in Paragraph 31.

32. Equifax denies the allegations in Paragraph 32.

33. Equifax admits that it received a dispute from Plaintiff on August 30, 2014 regarding multiple Federal Tax Liens in Dallas Co., Texas. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation sin Paragraph 33 and, therefore, denies those allegations.

34. Equifax admits that it responded to Plaintiff's dispute on September 5, 2015 to

notify Plaintiff that it removed two of the disputed liens from Plaintiff's Equifax credit report. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and, therefore, denies those allegations.

35. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, therefore, denies those allegations.

36. Equifax denies the allegations in Paragraph 36.

37. Equifax denies the allegations in Paragraph 37.

38. Equifax denies the allegations in Paragraph 38.

39. Equifax admits Plaintiff has demanded a trial by jury and likewise demands a jury trial in this case.

40. Equifax denies that Plaintiff is entitled to any of the relief requested in Plaintiff's Prayer for Relief on pages 9 and 10 of the Complaint.

40. Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

## SECOND DEFENSE

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

## THIRD DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

## FOURTH DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## FIFTH DEFENSE

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

## SIXTH DEFENSE

Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

## SEVENTH DEFENSE

Equifax reserves the right to have additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)   Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)    It be dismissed as a party to this action;

(3)    It receive a trial by jury for all issues so triable;

(4)    It recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted: November 9, 2015.

           KING & SPALDING LLP

           /s/ Kendall W. Carter
           Kendall W. Carter
           Texas Bar No. 24091777
           kcarter@kslaw.com
           1180 Peachtree Street NE
           Atlanta, GA 30309
           Tel (404) 572-2459

           Daniel D. McGuire
           L.R. 83.10 Local Counsel
           Texas Bar No. 24081282
           dmcguire@polsinelli.com
           POLSINELLI PC
           2950 N. Harwood St., Suite 2100
           Dallas, Texas 75201
           Tel (214) 661-5580
           *Counsel for Equifax Information Services LLC*

**CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed a true and correct copy of the foregoing with the Court using the CM/ECF system, which will send notification of such filing to the following:

Dennis McCarty
McCarty Law Firm
PO Box 111070
Carrollton, TX 75011


Dated: November 9, 2015.

>*/s/ Kendall W. Carter*
>Kendall W. Carter